**Reyadh AL–KAZEMI, Plaintiff,**

v.

**GENERAL ACCEPTANCE & INVESTMENT CORPORATION, et al., Defendants.**

**Civ. A. No. 85–3465.**

United States District Court, District of Columbia.

April 22, 1986.

William F. Squadron, Washington, D.C., for plaintiff.

## MEMORANDUM

GASCH, Senior District Judge.

This case is before the Court on plaintiff's motion for a default judgment. On January 30, 1986, entry of default was made against the two defendants, and plaintiff moved for a default judgment on

February 5, 1986. On February 26, 1986, this Court issued a "show cause" order which required defendants to respond by March 11, 1986. Defendants failed to meet that deadline, and on April 2, 1986, this Court held a hearing to permit plaintiff to offer proof of damages.

DISCUSSION

Plaintiff contends that he was the victim of a fraud perpetrated by defendants General Acceptance & Investment Corp. ("GAIC") and its president, Eric Podell. In February, 1985, plaintiff responded to an advertisement for high-interest, short-term GAIC money certificates. Plaintiff contacted GAIC, spoke with Podell, and agreed to invest $50,000 for a 90-day period. Podell eventually mailed a GAIC money certificate to plaintiff. Defendants failed to repay plaintiff's $50,000 with interest at the end of the 90-day period, however, and only $10,000 of the amount due has been paid to date. Plaintiff accordingly filed this case, which alleges breach of contract, fraud, conversion, and violation of federal securities laws and the Racketeer Influenced and Corrupt Organizations ("RICO") statute.

■ Since defendants failed to plead or otherwise defend, default was properly entered against them. Fed.R.Civ.P. 55(a); see Jackson v. Beech, 636 F.2d 831 (D.C. Cir.1980). Plaintiff now seeks a default judgment from the Court and an award of $290,045.21 in damages. That amount includes $133,673.76 in actual damages trebled under the RICO statute, $150,000 in punitive damages, and $6,371.45 in attorneys' fees and other litigation costs.

Under Rule 55(b)(2), a court may hold an evidentiary hearing to assist in computing damages in default cases. Generally, courts have held hearings where, as here, plaintiff seeks punitive damages and attorneys' fees. See Venable v. Haislip, 721 F.2d 297 (10th Cir.1983); Flaks v. Koegel, 504 F.2d 702 (2d Cir.1974). Accordingly, a hearing was scheduled to permit introduction of evidence on damages.

■ Upon a party's default, the well-pleaded allegations of the complaint related to liability are taken as true. See Brockton Savings Bank v. Peat, Marwick, Mitchell & Co., 771 F.2d 5 (1st Cir.1985), cert. denied, —— U.S. ——, 106 S.Ct. 1204, 89 L.Ed.2d 317 (1986); Dundee Cement Co. v. Howard Pipe & Concrete Products, Inc., 722 F.2d 1319 (7th Cir.1983). Allegations related to damages, however, are not taken as true. Dundee Cement Co., 722 F.2d at 1323; Geddes v. United Financial Group, 559 F.2d 557 (9th Cir.1977) (per curiam); see also Fed.R.Civ.P. 8(d). At the damages hearing, the party seeking a default judgment must provide evidence supporting the damages claimed. Dundee Cement Co., 722 F.2d at 1324.

A. *Actual Damages*

■ Plaintiff claims actual damages of $44,557.92, which represents the $50,000 investment, plus interest at the promised rate of 11.25 percent, minus the $10,000 repaid by defendants. Plaintiff has produced sworn affidavits attesting to this loss, along with copies of the GAIC money certificate and correspondence between plaintiff and Mr. Podell. This evidence amply supports plaintiff's claim of loss.

B. *Treble Damages Under RICO*

Under the applicable provision of the RICO statute, plaintiff can recover treble damages if he can demonstrate a violation of 18 U.S.C. § 1962 that caused him to suffer injury to his business or property. 18 U.S.C. § 1964(c) (1982 & Supp.1985); see Bankers Trust Co. v. Rhoades, 741 F.2d 511 (2d Cir.1984).

A violation of 18 U.S.C. § 1962(c) "requires (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." Sedima, S.P.R.L. v. Imrex Co., Inc., —— U.S. ——, 105 S.Ct. 3275, 3285, 87 L.Ed.2d 346 (1985). The activities of the enterprise also must affect interstate or foreign commerce. 18 U.S.C. § 1962(c) (1982); see Alcorn County v. United States Interstate Supplies, Inc., 731 F.2d 1160 (5th Cir.1984); Sutliff, Inc. v. Dono-

*van Companies, Inc.*, 727 F.2d 648 (7th Cir.1984).

■ Through affidavits of the plaintiff and Robert H. Salisbury, a detective with the Virginia State Police, plaintiff has shown that defendants operated a scheme whereby they accepted money for putative investment and failed to repay that money when due. This evidence establishes conduct of an "enterprise." *See United States v. Blackwood*, 768 F.2d 131 (7th Cir.), *cert. denied*, — U.S. —, 106 S.Ct. 569, 88 L.Ed.2d 554 (1985); *Alcorn County*, 731 F.2d at 1160; *Ross v. Omnibusch, Inc.*, 607 F.Supp. 835 (D.Mich.1984). It also is clear that acceptance of money for purported investment is an activity which affects interstate commerce. *See United States v. Conn*, 769 F.2d 420 (7th Cir.1985); *United States v. Robinson*, 763 F.2d 778 (6th Cir.1985).

■ Under the RICO statute, "racketeering activity" is defined to include mail fraud, 18 U.S.C. § 1341, and wire fraud, 18 U.S.C. § 1343. *See* 18 U.S.C. § 1961(1) (Supp.1985). Plaintiff's evidentiary submissions reveal frequent use of the mail and the telephone by defendants. This evidence shows "a scheme to defraud and the mailing or transmission by wire of a document or communication for the purpose of executing the scheme" and thus satisfies the requirements of the mail and wire fraud statutes. *United States v. Pollack*, 534 F.2d 964, 971 (D.C.Cir.), *cert. denied*, 429 U.S. 924, 97 S.Ct. 324, 50 L.Ed.2d 292 (1976); *see also United States v. Maza*, 414 U.S. 395, 94 S.Ct. 645, 38 L.Ed.2d 603 (1974); *United States v. Pritchard*, 773 F.2d 873 (7th Cir.1985), *cert. denied*, — U.S. —, 106 S.Ct. 860 (1986); *United States v. Hasenstab*, 575 F.2d 1035 (2d Cir.), *cert. denied*, 439 U.S. 827, 99 S.Ct. 100, 58 L.Ed.2d 120 (1978). In addition, Detective Salisbury's affidavit states that he is personally aware of five individuals who gave money to defendant Podell and were unable to recover their investment and interest due. This evidence of five instances of fraudulent conduct is sufficient to show a "pattern" under 18 U.S.C. § 1961(5) (1982). *See Sedima, S.P.R.L. v. Imrex Co., Inc.*, 105 S.Ct. at 3285 n. 14.

■ There is little question that defendants' violation of 18 U.S.C. § 1962 caused plaintiff to suffer injury to his business and property by depriving him of $40,000, plus interest due. Accordingly, plaintiff has established his right to recover under 18 U.S.C. § 1964(c) and thus is entitled to $133,673.76, representing three times the amount of his actual damages.

### C. *Attorneys' Fees and Costs*

■ If a plaintiff can establish an entitlement to treble damages under RICO, then he is automatically entitled to compensation for "reasonable attorney's fee[s]" and other costs. 18 U.S.C. § 1964(c) (1982); *see Alcorn County*, 731 F.2d at 1165 ("Congress made the fee award mandatory to successful civil RICO plaintiffs."). The Court has examined plaintiff's request for attorneys' fees and costs and finds that plaintiff has sufficiently documented his request. In addition, the Court finds that the amount requested is reasonable under the circumstances. As such, plaintiff is entitled to recover the $6,371.45 requested for attorneys' fees and costs.

### D. *Punitive Damages*

■ In the District of Columbia, an award of punitive damage is permissible when there is a valid basis for an award of compensatory damages. *Jordan v. Medley*, 711 F.2d 211 (D.C.Cir.1983). Since plaintiff has sustained actual damages, he may obtain punitive damages by showing that the defendants acted with "gross fraud, wantonness, maliciousness, or willful disregard" for the rights of others. *Rainbolt v. Johnson*, 669 F.2d 767, 769 (D.C.Cir.1981); *see Subscription TV of Greater Washington v. Kaufmann*, 606 F.Supp. 1540 (D.D.C.1985). On the basis of the evidence, the Court has little difficulty in concluding that defendants acted with gross fraud or with willful disregard for the rights of plaintiff and the four other individuals who were taken in by the GAIC

certificate scheme. While plaintiff requests $150,000 in punitive damages, the Court believes that, in view of the treble damages award for the RICO violation, an award of $50,000 in punitive damages will be sufficient to deter similar conduct by defendants in the future.