Marc D. STEIN, Plaintiff-Respondent,

v.

ILLINOIS STATE ASSISTANCE COMMISSION, Defendant-
Appellant.

Court of Appeals

*No. 94–1840. Submitted on briefs April 4, 1995.—Decided
May 23, 1995.*

(Also reported in 535 N.W.2d 101.)

776

For the defendant-appellant the cause was submitted on the briefs of *Brian W. McGrath* and *Michael B. Brennan* of *Foley & Lardner* of Milwaukee.

For the plaintiff-respondent the cause was submitted on the briefs of *Daniel W. Stevens* of *Esser, Dieterich & Stevens* of Menomonee Falls.

Before Wedemeyer, P.J., Sullivan and Fine, JJ.

WEDEMEYER, P.J. The Illinois State Assistance Commission (ISAC) appeals from an order denying its motion to set aside a default judgment. ISAC raises three contentions: (1) that the trial court entered a judgment in violation of §§ 806.01 and 806.02, STATS., which voids the judgment; (2) that the trial court erred in awarding $25,000 in punitive damages because Marc D. Stein requested only $10,000 in compensatory damages; and (3) that the default judgment should not have been entered because Stein did not prove personal jurisdiction over ISAC. Because the judgment was entered in violation of §§ 806.01 and 806.02, it is void and must be set aside. Therefore, we reverse that portion of the order denying ISAC's motion to set aside the judgment and remand to the trial court with instructions to grant ISAC's motion to set aside the judgment; we further instruct the trial court to conduct proceedings consistent with this opinion.[1] Because § 806.01(1)(c), STATS., limits relief to that

---

[1] ISAC also contends it is entitled to relief from the default judgment on grounds of mistake, surprise, inadvertence, excusable neglect, fraud, misrepresentation or other misconduct. Because our decision sets aside the default judgment, it is not necessary for us to address this contention. *See Gross v. Hoffman,* 227 Wis. 296, 300, 277 N.W. 663, 665 (1938) (only dispositive issue need be addressed).

which is demanded, we instruct the trial court to limit relief accordingly, if relief is granted on remand. Because the trial court did not err in finding that personal jurisdiction was satisfactorily established, we affirm that portion of the order.

## I. BACKGROUND

During the 1960's and 1970's, ISAC loaned Stein money through a guaranteed student loan program. In approximately 1986, a dispute arose as to whether Stein had satisfied the loan obligation. ISAC claimed that the loan was in default. ISAC initiated collection procedures, communicated with Stein, and continued attempting to collect the debt. Stein, on the other hand, claimed that he had repaid the loan in full. In December 1989, Stein received a letter threatening legal action if the loan was not repaid. He obtained a copy of his credit reports and discovered that the original sum claimed due was listed three different times at three different addresses where he had lived. The amount due on the credit report was listed at more than three times the original amount of $3,902.

In August 1990, Stein commenced a lawsuit against ISAC alleging violations of § 427.104(1)(c), STATS. Chapter 427, STATS., governs prohibited practices in "Consumer Transactions—Debt Collection." Section 427.104(1)(c) provides: "[A debt collector shall not d]isclose or threaten to disclose information adversely affecting the customer's reputation for credit worthiness with knowledge or reason to know that the information is false." Specifically, Stein alleged that ISAC's actions destroyed his credit worthiness. The complaint did not seek a specified amount of damages.

ISAC was served on August 17, 1993. An exchange of correspondence during the months of September and

October 1993, between ISAC's general counsel, Josh Hershman, and Stein's counsel, Daniel Stevens, produced no results. On November 10, 1993, Stein's counsel filed a motion seeking a default judgment, together with an affidavit, averring that twenty days had expired since commencement of the suit and no response had been received from ISAC. On December 8, 1993, the trial court, pursuant to local rule, placed the case on the dismissal calendar. The notice was sent only to Stein's counsel. Stein's counsel, in turn, obtained a motion date of December 20, 1993, for default judgment. No notice was sent to ISAC's counsel. Stein's motion papers sought $10,000 in compensatory damages.

On December 20, 1993, only Stein and his counsel appeared at the motion hearing. The trial court granted default judgment and then took testimony to determine the amount of damages. Stein's counsel informed the trial court that he had correspondence with ISAC's general counsel and provided the trial court with a copy of the correspondence. After hearing Stein's testimony, the trial court granted him $10,000 in compensatory damages and $25,000 in punitive damages. On January 4, 1994, Stein's counsel notified ISAC of the judgment. ISAC immediately retained Wisconsin counsel and moved both to set aside the default judgment and to enlarge the time to answer the complaint. ISAC based its motion on Hershman's mistaken belief that he and Stein were engaged in settlement negotiations and further prosecution of the action would be tolled until the negotiations were completed. ISAC also claimed that Stein failed to prove personal jurisdiction. The trial court, after considering briefs on the issues, denied the motion. ISAC now appeals.

## II. DISCUSSION

*A.  Sections 806.01 and 806.02, STATS.*

■

ISAC's main contention on appeal is that the judgment entered by the trial court violated §§ 806.01(1)(c) and 806.02(2), STATS., and, therefore, is void. In applying these statutes to the facts before us, we note that there is no dispute of procedural facts and, thus, we deem the questions to be ones of law reviewed *de novo*. *See  Kania v. Airborne Freight Corp.*, 99 Wis. 2d 746, 758-59, 300 N.W.2d 63, 68 (1981).

■

In construing a statute, the entire section and related sections are to be considered in its construction or interpretation. *Kerkvliet v. Kerkvliet*, 166 Wis. 2d 930, 939, 480 N.W.2d 823, 827 (Ct. App. 1992). Furthermore, a statute should be construed to give effect to its leading idea and the entire statute should be brought into harmony with the statute's purpose. *Pella Farmers Mut. Ins. Co. v. Hartland Richmond Town Ins. Co.*, 26 Wis. 2d 29, 41, 132 N.W.2d 225, 230-31 (1965).

In his complaint, Stein did not specify a dollar amount that he was seeking. Rather, he sought only "compensatory damages." When ISAC failed to file a responsive pleading within twenty days, Stein, through his counsel, sought a default judgment and filed an affidavit seeking $10,000 in compensatory damages. Nothing in the record demonstrates that ISAC received any notice of the precise amount of the compensatory damage claim. This occurred in spite of the fact that Stein's counsel had dealt directly with ISAC's general counsel and knew how he could be reached. Stein acknowledged in his brief that "no

amount of money was demanded" in his complaint in accord with § 802.02(1m), STATS., but he chose to ignore the additional language contained in § 806.02(2), STATS., which requires a plaintiff "to specify the amount of money claimed and provide that information to the court and *to the other parties* prior to the court rendering judgment." (Emphasis added.)

We deem the language of this statute to be plain, clear, and concise in meaning. Stein was obligated to inform the trial court of the additional specific sum of damages he sought *and* to provide to the other parties involved in this claim this same information before the trial court could enter judgment for the prayed amount. To interpret the statute any other way would be tantamount to eliminating from the statute the language "shall require the plaintiff to . . . provide that information . . . to the other parties prior to the court rendering judgment." Statutes should not be construed to fly in the face of common sense. *State v. Clausen*, 105 Wis. 2d 231, 245-46, 313 N.W.2d 819, 826 (1982). In the instant case, common sense dictates that Stein should have provided the specific damages information to ISAC prior to the default hearing.

We conclude that the judgment entered is void for another fundamental reason. Section 802.02(6), STATS., enunciates that "[a]ll pleadings shall be so construed as to do substantial justice." Pleadings serve to notify the opposing party of the pleading party's position in the case and to frame the issues to be resolved. *Hansher v. Kaishian*, 79 Wis. 2d 374, 385, 255 N.W.2d 564, 570 (1977). Section 801.14(1), STATS., provides that "[n]o service need be made on parties in default for failure to appear except that pleadings asserting new or addi-

tional claims for relief against them shall be served upon them in the manner provided for service of summons in s. 801.11." Here the original complaint did not inform ISAC of its position on damages. The affidavit filed by Stein, with the motion for default, contained Stein's formal allegation with respect to damages. In the context of this particular case, where the opposing party and its attorney were known, the affidavit of Stein became an assertion for the first time of a claim for specific relief and constituted an additional part of the complaint. We therefore conclude that the affidavit asserting specific damages is part and parcel of the pleadings which ought to have been served on ISAC pursuant to the calls of §§ 801.11 and 801.14, STATS. In the absence of compliance with those statutes the judgment is void and, therefore, must be set aside.

We next consider the application of § 806.01(1)(c), STATS.[2] Section 806.01(1)(c), the judgment statute, in straightforward, plain terms states that "if there is no answer, the relief granted to the plaintiff shall not exceed that demanded in the complaint." It is uncontroverted that Stein's original complaint contained no claim for damages in a specific amount. He filed a supplementary affidavit which, by its clear terms,

---

[2] Section 806.01(1)(c), STATS., provides:

Every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded the relief in the pleadings. *If there be no answer the relief* granted to the plaintiff *shall not exceed that demanded in the complaint.* If the amount of money sought was excluded from the demand for judgment, as required under s. 802.02(1m), the court shall require the plaintiff to specify the amount of money claimed and provide that information to the court *and to the other parties* prior to the court rendering judgment.

(Emphasis added).

783

demanded compensatory damages of $10,000. No other relief was sought by way of the pleadings.

ISAC cites *Klaus v. Vander Heyden*, 106 Wis. 2d 353, 316 N.W.2d 664 (1982), for the following:

> Although the general rule is that a court may grant such relief as it feels a party is entitled to, even if such relief has not been demanded, this rule sees exception with default judgments. In the case of a default judgment, relief is limited to that which is demanded in the plaintiff's complaint.

*Id.* at 359, 316 N.W.2d at 668. ISAC reasons that *Klaus* entitles it to relief from the trial court's award of punitive damages. In response, Stein argues that § 806.01(1)(c) was enacted after *Klaus* was decided and, therefore, is not authority for interpreting it. We disagree.

Section 806.01(1)(c), STATS., enacted by supreme court rule, became effective January 1, 1976. The pertinent subsection language quoted above was the last sentence of the subsection as originally promulgated. The same subsection was subsequently amended to include the same precise language included in § 806.02(2), STATS., requiring notification *to other parties prior to entry of judgment,* but the amendment does not relate to the language of that portion of the statute which *Klaus* interpreted. That statutory sentence has remained the same and today stands unaffected by the amendment. We therefore conclude that the interpretation set forth in *Klaus* is controlling and requires limiting Stein's recovery to the compensatory damages requested if the judgment can survive any other challenges.

In sum, § 806.02(2), STATS., required Stein to serve ISAC with notice of the specific amount of money he was seeking *prior to judgment*. Because the requirement of this statute was not satisfied, the judgment is void and must be set aside. Further, § 806.01(1)(c), STATS., limits recovery in this situation to the amount demanded in the complaint. Because Stein consistently limited its demand to $10,000, the trial court erred in awarding $25,000 in punitive damages. Based on the foregoing, this case is remanded to the trial court with the following instructions: (1) the current judgment must be set aside; (2) the trial court should provide a reasonable amount of time for Stein to provide ISAC with the requisite notice pursuant to § 806.02(2); (3) if the notice requirement is satisfied, a new default hearing should be held; and (4) if the trial court grants relief to Stein, such relief should be limited to that which was demanded in his motion papers.

## B. *Personal Jurisdiction.*

ISAC also contends that it is entitled to relief from the default judgment because Stein did not establish personal jurisdiction over ISAC. The trial court found that personal jurisdiction was established pursuant to § 801.05(3), STATS.[3] We agree.

[3] Section 801.05, STATS., provides:

A court of this state having jurisdiction of the subject matter has jurisdiction over a person served in an action . . . under any of the following circumstances:

. . . .

(3) LOCAL ACT OR OMISSION. In any action claiming injury to person or property within or without this state arising out of an act or omission within this state by the defendant.

Stein's complaint alleged that Stein, a resident of Milwaukee, was harassed by ISAC, and received threatening letters from ISAC. The record contains four letters from ISAC to Stein at a Milwaukee address. The record also contains a variety of letters to Stein at various Wisconsin addresses from collection agencies hired by ISAC. The complaint also alleged that these actions prevented Stein from borrowing money or securing credit in Wisconsin. We are required to liberally construe § 801.05(3), STATS., in favor of exercising jurisdiction. *Dietrich v. Wisconsin Patients Compensation Fund*, 169 Wis. 2d 471, 478, 485 N.W.2d 614, 617 (Ct. App. 1992). A liberal construction, in light of the contacts noted above, leads us to conclude that personal jurisdiction was established.

Accordingly, we affirm that portion of the order determining that personal jurisdiction was properly established.

*By the Court.*—Order affirmed in part; reversed in part and cause remanded with instructions.