APEX ELECTRONICS CORPORATION, a domestic corporation, Plaintiff-Respondent,

v.

James GEE, d/b/a U.S. Cable Supply, Defendant-Appellant-Petitioner.

Supreme Court

*No. 97–0353–FT. Oral argument February 19, 1998.—Decided April 30, 1998.*

(Also reported in 577 N.W.2d 23.)

For the defendant-appellant-petitioner there were briefs by *Alice A. Nejedlo* and *Hanson & Gasiorkiewicz, S.C.*, Racine and oral argument by *Alice A. Nejedlo*.

For the plaintiff-respondent there was a brief by *Mary F. Wyant* and *Wyant Law Offices, S.C.*, Racine and oral argument by *C. Judley Wyant*.

¶ 1. SHIRLEY S. ABRAHAMSON, CHIEF JUSTICE. This is a review of an unpublished decision of the court of appeals, *Apex Electronics Corp. v. James*

*Gee, d/b/a/ U.S. Cable Supply*, No. 97–0353-FT, unpublished slip op. (Wis. Ct. App. July 2, 1997), affirming an order of the Circuit Court for Racine County, Wayne J. Marik, Judge. The circuit court denied the motion of the defendant, James Gee, to vacate a default judgment.

¶ 2. This court's order granting review limited our review to two issues: Did the defendant waive his right to challenge the punitive damages award in this court when he failed to challenge the award in the circuit court? Did the circuit court err by awarding punitive damages to the plaintiff, Apex Electronics Corporation, solely on the basis of the complaint?

¶ 3. We answer these questions as follows: We need not determine whether the defendant waived his right to challenge the punitive damages award in this court. We exercise our discretion to decide whether the circuit court erred by awarding punitive damages solely on the basis of the complaint. Pursuant to Wis. Stat. § 806.02(2) (1995–96),[1] governing default judgments, and Wis. Stat. § 895.85, governing punitive damages, we conclude that a circuit court entering a default judgment on a punitive damages claim must make inquiry beyond the complaint to determine the merits of the punitive damages claim and the amount of punitive damages, if any, to be awarded.

¶ 4. Because the circuit court in this case relied solely on the complaint to determine whether to award punitive damages and in what amount, we hold that the circuit court erred in awarding the plaintiff $100,000 in punitive damages. Accordingly, we vacate the portion of the default judgment awarding the plaintiff $100,000 in punitive damages and remand the

---

[1] All references to the Wisconsin statutes are to the 1995–96 statutes unless otherwise indicated.

cause to the circuit court for further proceedings to determine the merits of the punitive damages claim and the amount of punitive damages, if any, to be awarded.[2]

## I

¶ 5. For purposes of this review the facts are not in dispute. This case arose from a partnership agreement between Apex Electronics Corp., the plaintiff, and U.S. Cable Supply. On May 31, 1996, the plaintiff filed suit against the defendant, James Gee, the sole shareholder and president of U.S. Cable Supply.

¶ 6. On June 23, 1996, the defendant was served with a summons and a complaint alleging five causes of action. The first and fifth causes of action relate to punitive damages and are relevant to this review. The second, third and fourth causes of action allege that the defendant breached agreements with the plaintiff.[3] These allegations are not relevant to this review.

---

[2] The circuit court entered a judgment in the amount of $356,800 against the defendant. Although the circuit court did not specify which portion of the award was for punitive damages, the parties and the court assumed that the judgment included $256,800 in compensatory damages and $100,000 in punitive damages, as specified in the complaint.

The only part of the judgment at issue in this review is the $100,000.

[3] The second cause of action alleges that in return for the plaintiff's release of the defendant for claims of conversion, the defendant would make weekly payments to the plaintiff and that the defendant has defaulted in payment under the payment plan. The complaint alleges that the plaintiff is entitled to recover the sum of $215,000.

The third cause of action alleges that the plaintiff shipped the defendant goods for an agreed-upon price and that the defendant paid by a check that was returned for insufficient

¶ 7. The first cause of action alleges conversion. According to the complaint, the plaintiff had an agreement with the defendant to lend funds to a partnership for the purchase of equipment. The parties agreed that when this equipment was sold, the partners' loans would be repaid from the sale proceeds, and the parties would divide any profits. According to the complaint, after the loans were made and the equipment was bought and sold, the defendant converted all proceeds from the sale to his own use. Consequently, according to the complaint, the partnership was unable to pay the plaintiff the $150,000 due.

¶ 8. The fifth cause of action incorporates the allegations of the first cause of action relating to the conversion and further alleges that the defendant's conversion "was in willful disregard of the rights of Plaintiff and made knowing that it would cause injury to Plaintiff," that "Defendant's conversion [was] a breach of Defendant's fiduciary responsibility to Plaintiff," and that "Plaintiff is entitled to recover punitive damages from Defendant. . .in the amount of $100,000.00."[4] In addition to the punitive damages, the

---

funds. The complaint alleges that the defendant is indebted to the plaintiff for $21,800 for that shipment.

The fourth cause of action alleges that the plaintiff transferred $20,000 to the partnership for the purchase of equipment and that the defendant converted the sum to his own use.

[4] The allegations in the complaint appear to incorporate the common law standards relating to punitive damages. The action is, however, governed by Wis. Stat. § 895.85(3), which provides as follows:

> (3) STANDARD OF CONDUCT. The plaintiff may receive punitive damages if evidence is submitted showing that the defendant acted maliciously toward the plaintiff or in an intentional disregard of the rights of the plaintiff.

complaint also demanded compensatory damages in the amount of $256,800, plus costs and disbursements, and any other remedy the court might deem just and proper.

¶ 9. On August 29, 1996, the plaintiff filed a motion for a default judgment after the defendant failed to file an answer to the complaint. On September 5, 1996, the circuit court entered a default judgment against the defendant in the amount of $356,800, plus costs. On October 10, 1996, the defendant filed a motion to set aside the default judgment, claiming excusable neglect and asserting a meritorious defense.

¶ 10. On December 16, 1996, the circuit court denied the defendant's motion to set aside the default judgment. The court of appeals affirmed the circuit court order but declined to address the defendant's challenge to the punitive damages award, holding that the defendant had waived his right to raise the issue by failing to challenge the award in the circuit court.

## II

¶ 11. The first issue is whether the defendant waived his right to challenge the punitive damages award in this court when he failed to challenge the

---

Wisconsin Stat. § 895.85 applies to civil actions commenced on or after May 17, 1995. The action in this case was commenced on June 23, 1996. The parties agree that the statute applies to this case.

The plaintiff asserts in this court that the allegations describing the defendant's conduct are sufficient to meet the requirements of Wis. Stat. § 895.85(3). The defendant asserts that the plaintiff's allegations are insufficient under § 895.85(3) because the plaintiff alleges only a willful, not an intentional, disregard of the plaintiff's rights.

award in his motion to vacate the default judgment in the circuit court.

██

¶ 12. The oft-repeated rule of Wisconsin appellate practice is that issues not raised in the circuit court will not be considered for the first time on appeal. *See Wirth v. Ehly*, 93 Wis. 2d 433, 443, 287 N.W.2d 140 (1980). This rule does not relate to the jurisdiction of the court and is not absolute. *See Wirth*, 93 Wis. 2d at 444. When an issue involves a question of law rather than of fact, when the question of law has been briefed by both parties and when the question of law is of sufficient public interest to merit a decision, this court may exercise its discretion to address the issue. *See id.*

██

¶ 13. The issue upon which this court accepted review, whether the circuit court erred by awarding the plaintiff punitive damages solely on the basis of the complaint, is a question of law involving statutory interpretation. The issue was, by order of this court, briefed by both parties. Finally, because questions about punitive damages awarded in default judgments will likely arise in other cases, this question of law is of sufficient public interest to merit our addressing it in this case. Accordingly, we exercise our discretion and address the merits of the legal issue presented without deciding the waiver issue.

### III

¶ 14. We turn to the issue whether the circuit court in this case erred by failing to make inquiry beyond the complaint before it awarded punitive damages in the default judgment. Our order granting the petition for review limited our review of the decision of

the court of appeals to this issue of law, which neither the circuit court nor the court of appeals addressed.

¶ 15. To determine whether the circuit court erred in awarding punitive damages solely on the basis of the complaint, we examine the law relating to default judgments and punitive damages. Three statutes come into play in this case: Wis. Stat. § 802.02(1m) governing complaints seeking damages in tort claims, Wis. Stat. § 806.02 governing default judgments and Wis. Stat. § 895.85 governing punitive damages.

¶ 16. Under Wis. Stat. § 802.02(1m)(a) a complaint may not specify the amount of money sought when alleging a tort claim seeking money damages. Section 802.02(1m)(a) provides that "[w]ith respect to a tort claim seeking recovery of money, the demand for judgment may not specify the amount of money the pleader seeks."[5]

¶ 17. In this case the plaintiff is seeking punitive damages on a tort claim of conversion. The complaint is, therefore, subject to the requirements of Wis. Stat. § 802.02(1m)(a). Despite the proscription of § 802.02(1m)(a), the complaint demanded $100,000 in punitive damages. Accordingly, the $100,000 specified in the complaint must be viewed as a nullity, and the complaint must be read as if no dollar amount had been demanded for punitive damages. Unless § 802.02(1m)(a) is interpreted in this way, a complainant would have no incentive to comply with the statute. Therefore, the circuit court erred as a matter of law in awarding punitive damages based on the amount of money specified in the complaint.

---

[5] Wisconsin Stat. § 802.02(1m)(b) states that (1m)(a) "does not affect any right of a party to specify to the jury or the court the amount of money the party seeks."

¶ 18. This reading of Wis. Stat. § 802.02(1m)(a) is reinforced by Wis. Stat. § 806.02(2) governing default judgments. Section 806.02(2) provides that if the amount of money sought is required to be excluded from the demand for judgment under § 802.02(1m)(a), then in order to obtain a default judgment a complainant must specify the amount claimed and provide that information to the court and the other parties.[6] *See Stein v. Illinois State Assistance Comm'n,* 194 Wis. 2d 775, 782, 535 N.W.2d 101 (Ct. App. 1995) (requiring a plaintiff to serve a defendant with notice of the specific amount of money sought before a default judgment is entered).

¶ 19. In this case the complaint did not comply with Wis. Stat. § 806.02(2). Before the circuit court granted the motion for a default judgment, the plaintiff did not specify to the circuit court and the defendant the amount of punitive damages being sought. The plaintiff argues, however, that the complaint put the defendant and the circuit court on notice of the amount of punitive damages sought, even though the complaint violated Wis. Stat. § 802.02(1m) by demanding judgment for punitive damages in the amount of $100,000. Thus, the plaintiff argues, it complied with the substance, if not the form, of the default judgment statute.

---

[6] Wisconsin Stat. § 806.02(2) states:

> After filing the complaint and proof of service of the summons on one or more of the defendants and an affidavit that the defendant is in default for failure to join issue, the plaintiff may move for judgment according to the demand of the complaint. If the amount of money sought was excluded from the demand for judgment, as required under s. 802.02(1m), the court shall require the plaintiff to specify the amount of money claimed and provide that information to the court and to the other parties prior to the court rendering judgment. If proof of any fact is necessary for the court to give judgment, the court shall receive the proof.

¶ 20. Even if we were to adopt the plaintiff's position that its complaint satisfied the notice requirement of Wis. Stat. § 806.02(2), the circuit court failed to require the plaintiff to satisfy the other requirement of § 806.02(2): "If proof of any fact is necessary for the court to give judgment, the court shall receive the proof."

¶ 21. Wisconsin Stat. § 806.02 makes clear that when a complaint seeks unliquidated damages on a tort claim, a circuit court must first determine whether proof of any fact is necessary for the court to give judgment.[7] Wisconsin courts have declared that when determining damages for personal injury or other unliquidated damages, a circuit court will require additional proof beyond the complaint.[8]

¶ 22. If the circuit court determines that additional proof is necessary, it then determines the procedure for receiving the proof. The circuit court may receive proof by affidavit or hearing.[9] The procedure

---

[7] Wisconsin Stat. § 806.02 distinguishes between default judgments on liquidated and unliquidated damage claims. Section 806.02(4) grants the clerk authority to enter a default judgment only in actions "on express contract for recovery of a *liquidated* amount of money" (emphasis added). This authority is not granted in tort claims for recovery of unliquidated damages.

[8] *See, e.g., Gaertner v. 880 Corp.*, 131 Wis. 2d 492, 505–06, 389 N.W.2d 59 (Ct. App. 1986) (where a record does not provide underlying support for amount of damages awarded, proof of facts is necessary for a circuit court to fix a damage amount and to render judgment). *See also* 3A Grenig & Harvey, *Civil Procedure* 2nd Ed. § 602.3, at 149 (West's Wis. Prac. Series).

[9] *See* Judicial Council Notes (1981) to Wis. Stat. § 806.02(2); *Hedtcke v. Sentry Ins. Co.*, 109 Wis. 2d 461, 478–79 n.5, 326 N.W.2d 727 (1982); *Martin v. Griffin, III*, 117 Wis. 2d 438, 445, 344 N.W.2d 206 (Ct. App. 1984).

for obtaining the additional proof and the nature of the additional proof is within the discretion of the circuit court. When a circuit court has sufficient proof of a defendant's conduct, the court need not hold a hearing or take additional proof before awarding punitive damages.[10]

¶ 23. This interpretation of the Wisconsin default judgment statute is similar to the federal courts' interpretation of Fed. R. Civ. P. 55(b)(2).[11] As a general proposition, federal courts do not award punitive damages simply on the basis of the pleadings but require some form of inquiry beyond the pleadings.[12] Without such an inquiry, a trial court has no basis for

---

[10] In *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993), a hearing was not required when the court ordered a default judgment apparently as a sanction and was familiar with the defendant's conduct by virtue of the litigation, which had been pending before the court for several years.

[11] We look to federal cases because Wis. Stat. § 806.02 is similar in language and effect to Fed. R. Civ. P. 55 governing default judgments. *See Midwest Developers v. Goma Corp.*, 121 Wis. 2d 632, 652, 360 N.W.2d 554 (Ct. App. 1984).

Under Fed. R. Civ. P. 55(b)(2), if the sum requested in the complaint is uncertain or unliquidated, the trial court may hold whatever hearing or inquiry it deems necessary. Fed. R. Civ. P. 55(b)(2) provides:

> If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper. . . .

[12] *See Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1152 (3d Cir. 1990); *Flaks v. Koegel*, 504 F.2d 702, 707 (2d Cir. 1974); *Al-Kazemi v. General Acceptance & Inv. Corp.*, 633 F. Supp. 540, 542 (D.D.C. 1986).

determining the nature of the plaintiff's conduct and the amount of punitive damages, if any, to be awarded.

¶ 24. The bases upon which punitive damages are awarded also dictate that a circuit court inquire beyond a complaint before awarding punitive damages in a default judgment. Punitive damages are not automatically awarded when a wrongdoer engages in conduct prohibited by Wis. Stat. § 895.85, the punitive damages statute.[13] The fact finder must decide whether to award punitive damages.

¶ 25. Furthermore, the fact finder determines the amount of punitive damages, if any, to be awarded.[14] A punitive damages award must be calculated to accomplish the purposes of punitive damages, that is, to punish the wrongdoer and to deter the wrongdoer and others from engaging in similar conduct. *See Management Computer Services, Inc. v. Hawkins, Ash, Baptie & Co.*, 206 Wis. 2d 158, 193, 557 N.W.2d 67 (1996).

¶ 26. In addition, the due process clause of the Fourteenth Amendment imposes substantive limits on the size of punitive damage awards. Due process concerns are raised if a punitive damage award inflicts a penalty or burden on a tortfeasor that is disproportion-

---

[13] *See Haack v. Haack*, 149 Wis. 2d 243, 255–56, 440 N.W.2d 794 (Ct. App. 1989) (citing *Jeffers v. Nysse*, 98 N.W.2d 543, 553, 297 N.W.2d 495 (1980)).

[14] Wisconsin Stat. § 895.85(3) sets forth the standard of conduct for punitive damages. The statute provides that punitive damages may be granted if evidence submitted shows that the defendant acted maliciously toward the plaintiff or in an intentional disregard of the plaintiff's rights. *See* § 895.85(3). Section 895.85(4) further requires the plaintiff to establish a prima facie case for the allowance of punitive damages before the plaintiff may introduce evidence of a defendant's wealth. *See* § 895.85(4).

ate to the wrongdoing or exceeds what is necessary to serve the purposes of punitive damages.[15]

¶ 27. Without conducting an inquiry beyond the complaint, a circuit court cannot determine whether a defendant's conduct justifies a punitive damages award and, if an award is justified, what amount would accomplish the purposes of punitive damages while satisfying the requirements of due process. Without an inquiry beyond the complaint, a circuit court cannot evaluate the various factors to be considered in awarding punitive damages. These factors include the grievousness of the acts, the degree of malicious intent, the relationship of the punitive damages award to the compensatory damages award, the potential damage that might have been caused by the acts, the ratio of the award to civil or criminal penalties that could be imposed for comparable misconduct, and the wealth of the wrongdoer.[16]

¶ 28. Applying both Wis. Stat. § 806.02 and Wis. Stat. § 895.85, we conclude that a circuit court entering a default judgment on a punitive damages claim must make inquiry beyond the complaint to determine the merits of the punitive damages claim and the amount of punitive damages, if any, to be awarded. The circuit court in this case had no information about the nature of the defendant's conduct other than a conclusory description in the complaint and, therefore, had no information upon which to gauge whether the defendant's conduct justified an award of punitive damages

---

[15] See Honda Motor Co., Ltd. v. Oberg, 512 U.S. 415, 420 (1994); Management Computer Services, Inc. v. Hawkins, Ash, Baptie & Co., 206 Wis. 2d 158, 193, 557 N.W.2d 67 (1996).

[16] See Management Computer Services, 206 Wis. 2d at 194; BMW of North America, Inc. v. Gore, 116 S. Ct. 1589, 1598–1603 (1996).

and, if so, what amount of punitive damages should be awarded.

¶ 29.　Thus we conclude that the circuit court erred when it relied solely on the plaintiff's demand in the complaint for judgment for $100,000 in punitive damages and when it failed to receive proof of facts necessary to determine the merits of the punitive damages claim and the amount of punitive damages, if any, to be awarded.

¶ 30.　We reverse the decision of the court of appeals. We remand the cause to the circuit court with directions to vacate the portion of the default judgment awarding the plaintiff $100,000 in punitive damages and to conduct further proceedings to determine the merits of the punitive damages claim and the amount of punitive damages, if any, to be awarded.

*By the Court.*—The decision of the court of appeals is reversed and the cause is remanded to the circuit court.