SEIDL, J.[1]
¶1 Rocko Hunt, pro se, appeals a circuit court order awarding him $ 287.50 from Kayla Bertrang following a small claims court bench trial. Hunt argues the court erred by failing to award him approximately $ 2635 in additional damages for one-half of the rent and utility bills that had accrued after Bertrang moved out of an apartment she shared with Hunt. Bertrang, also pro se, declined to submit a response brief after we granted her request for an extension of time to do so. We reject Hunt's argument that Bertrang conceded all arguments on appeal, and we affirm.
BACKGROUND
¶2 Hunt and Bertrang signed a rental agreement to lease an apartment for one year beginning in July 2016. The lease provided that they would each be "jointly and severally liable for the full amount" of rent due each month. It also stated that they would be responsible for all utilities except trash and recycling removal, and that "[n]o other occupants except tenants listed on lease [were] allowed to reside at the [apartment]."
¶3 When Hunt and Bertrang signed the lease, they orally agreed to each pay one-half of the rent and one-half of the cost of utilities due each month. However, in mid-September 2016, Bertrang vacated the apartment and stopped paying any rent or utilities. Hunt stayed in the apartment until the lease ended in June 2017, and he paid the full amount of rent and utilities due each month. Hunt subsequently brought this small claims action against Bertrang claiming she owed him one-half the amount of rent and utilities he paid for the nine months remaining on the lease after she moved out. The circuit court held a bench trial following the parties' failed mediation attempt.
¶4 After the close of testimony from both parties at trial, the circuit court ordered Bertrang to pay Hunt one-half of the October 2016 rent, but it did not find her liable to Hunt for any other money damages. The court found that each party was "responsible one hundred percent for the monthly payments" under the lease's terms. It further found that "[t]here's been a discussion of a verbal agreement between [the parties] about being responsible for utilities and which percentage of [the] rent will be paid by each of [the parties], but those are not memorialized in the lease." However, the court acknowledged that Bertrang "mentioned ... [an] agreement with [Hunt] ... to pay half the utilities and half the rent when she was living [at the apartment]," and thus concluded there was a valid oral agreement according to the terms she set forth in her testimony. The court found "that there probably was a conversation where Ms. Bertrang said that she was going to pay October [2016] rent [the] month after she was not living there," but it determined Bertrang was not liable to pay any utilities when she was not living at the apartment because "there was [neither] ... intent nor [a] legal obligation" to pay utilities when she did not live at the apartment. The court further concluded that Hunt could not recover damages from Bertrang for one-half of the rent due for the months of November 2016 through June 2017, stating:
[B]y the evidence presented ... and under Wisconsin law ... Hunt ... failed to limit [his] damages [and] failed to do the required things under Wisconsin law, such as to find a subtenant. There's nothing in this lease that prohibits [him] from getting a [subtenant]. The occupancy as listed and initialed in the lease is the only two individuals currently on the lease, ... and I am persuaded by the testimony that Ms. Bertrang offered to take over the lease. Even though that is disputed testimony, I believe that testimony.
Hunt now appeals.
DISCUSSION
¶5 Before evaluating the merits of Hunt's appeal, we first address his request to summarily reverse the circuit court's order because Bertrang declined to submit a response brief. Hunt contends that by failing to file a brief, Bertrang concedes "the laws, facts and issues [he] raised" in his brief-in-chief. Whether a party concedes an argument on appeal is a decision that lies within this court's discretion. See Charolais Breeding Ranches, Ltd. v. FPC Sec. Corp. , 90 Wis. 2d 97, 108-09, 279 N.W.2d 493 (Ct. App. 1979). Thus, we are not required to determine an argument is conceded due to a party's failure to respond, and we decline to do so here. While we review the merits of this appeal without the benefit of Bertrang's analysis and argument, we decline Hunt's invitation to reverse the court's judgment without addressing its bases.
I. Breach of Contract
¶6 Hunt asserts that Bertrang breached "their agreement" because she refused to pay both one-half of the monthly rent and utility bills due after she moved out of the apartment. The thrust of his argument, as we understand it, is that Bertrang breached her obligations both under the lease and under the oral agreement. Breach of contract claims present a mixed question of fact and law. See Steele v. Pacesetter Motor Cars, Inc. , 2003 WI App 242, ¶10, 267 Wis. 2d 873, 672 N.W.2d 141. We will not set aside the circuit court's factual findings regarding a contract unless they are clearly erroneous. See id. However, whether the facts found by the circuit court constitute a breach of contract is a legal issue we review independently. See id.
¶7 Hunt alleges that Bertrang owes him damages under the written lease with the landlord. We understand Hunt to argue that since they were both joint and severally liable to the landlord under the lease, he has an equitable right to seek contribution from Bertrang because he paid the entire amount of rent due each month after Bertrang had moved out.[2] While Hunt frames his argument as a claim for breach of contract under the lease, he is actually asserting a claim for equitable contribution from Bertrang for her alleged failure to pay her "fair share" of the monthly rent due after she moved out of the apartment.
¶8 Contribution "is a legal action to recover money paid to the use of the defendant, and stands upon the same footing as any other action founded upon an implied contract." BMO Harris Bank, N.A. v. European Motor Works , 2016 WI App 91, ¶16, 372 Wis. 2d 656, 889 N.W.2d 165 (citation omitted). A right to contribution, in the absence of a contract expressly creating the right, may "arise by operation of law to rectify an inequity resulting when a co-obligor pays more than a fair share of a common obligation."Id. (citation omitted). Here, the lease did not explicitly grant any right of contribution to either party, so Hunt's claim must rest upon equitable contribution. When a party claims a right to equitable contribution, the party seeking contribution must establish that: "(1) the parties are liable for the same obligation; and (2) the party seeking contribution paid more than a fair share of the obligation." Id. We conclude that Hunt has no right to equitable contribution from Bertrang because he did not pay more than his fair share of any common obligation between them.
¶9 Hunt did not pay more than his fair share because Bertrang did not breach any of her obligations under the oral agreement from October 2016 until the end of the lease in June 2017. When the circuit court acts as the finder of fact, it is the ultimate arbiter of credibility. Village of Big Bend v. Anderson , 103 Wis. 2d 403, 410, 308 N.W.2d 887 (Ct. App. 1981). We will defer to the court in both its express and implicit credibility determinations. Jacobson v. American Tool Cos. , 222 Wis. 2d 384, 390, 588 N.W.2d 67 (Ct. App. 1998). The court found Bertrang's testimony regarding the terms of the oral agreement to be more credible than Hunt's. For that reason, the court found the oral agreement's terms were that Bertrang would pay one-half of the monthly rent due and one-half of the monthly utilities due only while she resided at the apartment. After Bertrang vacated the apartment in mid-September 2016, the court found that she had only agreed to pay one-half of the monthly rent due for October 2016, and therefore determined Bertrang owed Hunt only that amount.[3]
¶10 Hunt and Bertrang's decision to enter into the oral agreement defeats Hunt's claim for equitable contribution. We construe the circuit court's findings regarding the oral agreement to be that the agreement set the amount each party agreed to be their fair share of monthly obligations. Thus, when the court found Bertrang paid her one-half of the rent and utility bills due each month while she resided at the apartment, it impliedly found that Bertrang had paid her fair share. For the foregoing reasons, we conclude Hunt has no right to equitable contribution from Bertrang because he has not established that Bertrang paid less than her fair share-or that he paid more than his fair share-of a common obligation.
¶11 Hunt also appears to assert that the circuit court erred in its factual findings regarding the terms of the oral agreement. Hunt argues the oral agreement required Bertrang to pay one-half of the monthly rent and utility bills due for the duration of the lease, regardless of whether she resided at the apartment. His argument lacks merit because he fails to appreciate our deferential standard of review as to the circuit court's factual findings. The court found the parties orally agreed that Bertrang would pay one-half of both the rent and utilities due each month while she was living there . We will not set aside the court's factual findings regarding a contract unless they are clearly erroneous. See Steele , 267 Wis. 2d 873, ¶10. To the extent Hunt is claiming the court's factual findings are clearly erroneous, we disagree. The court found Bertrang's testimony regarding the terms of the oral agreement more credible than Hunt's. We will not second-guess a court's credibility determination when it acts as the finder of fact. See Anderson , 103 Wis. 2d at 410. The court's findings regarding the oral agreement are not clearly erroneous. Therefore, the court properly determined Bertrang did not breach the oral agreement.
II. Estoppel and Mitigation of Damages
¶12 For the first time on appeal, Hunt asserts he is entitled to relief under the doctrine of promissory estoppel. We generally do not address issues raised for the first time on appeal. See Apex Elecs. Corp. v. Gee , 217 Wis. 2d 378, 384, 577 N.W.2d 23 (1998). Accordingly, we decline to address his argument further.
¶13 Finally, Hunt argues the circuit court erroneously exercised its discretion when it determined that he failed to mitigate his damages. However, we need not address an issue raised by an appellant if the resolution of another issue is dispositive. See Sweet v. Berge , 113 Wis. 2d 61, 67, 334 N.W.2d 559 (Ct. App. 1983). Because the circuit court did not err by determining Hunt had no right to contribution from Bertrang for rent or utility bills he paid after Bertrang stopped living in the apartment, Hunt has not suffered any compensable damages.
By the Court. -Order affirmed.
This opinion will not be published. See WIS. STAT. RULE 809.23(1)(b)4.

This appeal is decided by one judge pursuant to Wis. Stat. § 752.31(2) (2017-18). All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

In raising his argument, Hunt seems to conflate contribution-the equitable remedy for when parties are liable for the same obligation and one party has paid more than his or her fair share of that obligation-and contributory negligence. To the extent that Hunt alleges Bertrang was negligent, he never raised this argument in the circuit court. We therefore decline to address it further. See Apex Elecs. Corp. v. Gee , 217 Wis. 2d 378, 384, 577 N.W.2d 23 (1998). Because of his confusion between contribution and contributory negligence, Hunt's contribution argument is minimally developed. While we normally decline to address undeveloped arguments, we can provide leniency to pro se litigants. See Waushara Cty. v. Graf , 166 Wis. 2d 442, 452, 480 N.W.2d 16 (1992). Accordingly, we will address Hunt's contribution argument as best as we can discern it.
In addition, while Hunt did not specifically argue contribution in circuit court, he did argue that he did not think it was fair for him to pay all of the rent and utility bills after Bertrang moved out, which could minimally be considered a contribution argument. We decline to hold that Hunt, a pro se litigant, forfeited his contribution argument on appeal, in part because we have not held Bertrang to a complete concession by failing to file a response brief.

There appears to be a discrepancy as to the amount the circuit court awarded to Hunt. The court determined that Bertrang owed Hunt one-half of the rent due in October 2016. One-half of one month's rent is $ 290. Yet, the court ordered that the amount due to Hunt would be satisfied by Bertrang's forfeiture of her one-half interest in the security deposit that the landlord had remitted to Hunt. One-half of the apartment's $ 575 security deposit is $ 287.50, which is $ 2.50 short of $ 290. Although Hunt's appeal generally asserts that Bertrang owes him more money damages than the court awarded him, he does not assert the court erred in granting him the security deposit in its entirety to satisfy Bertrang's agreed-upon rent obligation for October 2016. We therefore will not further address this discrepancy.