COURT OF APPEALS
DECISION
DATED AND FILED

August 16, 2022

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No.     **2021AP115**

Cir. Ct. No. 2018CV7004

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT I

---

BARRY A. LINDSTEN,

        PLAINTIFF-APPELLANT,

SARAH M. LINDSTEN,

        PLAINTIFF,

    V.

ASTRONAUTICS CORPORATION OF AMERICA,

        DEFENDANT-THIRD-PARTY
        PLAINTIFF-RESPONDENT,

MAYO MEDICAL PLAN, TRUMBULL INSURANCE COMPANY, HARTFORD CASUALTY INSURANCE COMPANY AND HARTFORD FIRE INSURANCE COMPANY,

        DEFENDANTS,

ROBERTSON RYAN & ASSOCIATES, INC. AND MICHAEL R. SCHULTE,

        DEFENDANTS-THIRD-PARTY
        DEFENDANTS-RESPONDENTS,

ABC INSURANCE COMPANY,

THIRD-PARTY DEFENDANT.

---

APPEAL from an order of the circuit court for Milwaukee County: LINDSEY CANONIE GRADY, Judge. *Affirmed.*

Before Brash, C.J., Donald, P.J., and White, J.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1    PER CURIAM. Barry A. Lindsten[1] appeals a circuit court order dismissing his action against Astronautics Corporation of America (Astronautics) and Robertson Ryan & Associates, Inc. and Michael R. Schulte (Robertson Ryan).[2] For the reasons discussed below, we affirm.

## BACKGROUND

¶2    On August 13, 2016, in Milwaukee County, a motor vehicle struck a rental vehicle driven by Lindsten. At the time of the accident, Lindsten was in

---

[1] The notice of appeal states that only Barry appeals, not his wife, Sarah M. Lindsten. Accordingly, we do not refer to Sarah further.

[2] The circuit court order also granted a motion to dismiss filed by Trumbull Insurance Company. Lindsten does not appeal this portion of the order and therefore we do not further discuss it.

Wisconsin to perform work for his employer, Astronautics, who provided and paid for the rental vehicle.[3]

¶3 Lindsten filed the lawsuit underlying this appeal. Lindsten alleged that the driver of the other vehicle involved in the accident had liability insurance which was insufficient to cover all of the damages sustained, and thus, was an underinsured motorist. He further alleged that Astronautics and its insurance agent/broker, Robertson Ryan, had failed to provide underinsured motorist (UIM) coverage.

¶4 The case was bifurcated into two parts—a merits portion and an insurance coverage portion. The merits portion of the case was initially stayed pending the resolution of the insurance coverage portion. Subsequently, Astronautics moved to lift the stay for the limited purpose of addressing whether it was a proper party in the case.

¶5 The circuit court granted Astronautics' motion to lift the stay, and allowed the parties to conduct discovery on the following limited issues: (1) whether Lindsten was acting within the scope of his employment for Astronautics when the accident at issue took place; and (2) whether Astronautics entered into a contract with Lindsten to specifically provide UIM coverage. At the hearing on the motion to lift the stay, the circuit court instructed Lindsten to clarify what claims were at issue. The circuit court warned that it was not going to allow the lawsuit to become "a kitchen sink" situation.

---

[3] Lindsten initially alleged that he was an independent contractor. Lindsten removed this allegation from his pleadings.

¶6      Several months later, the parties returned to court on a motion to compel discovery filed by Astronautics.  According to Astronautics, at the hearing, the circuit court ordered Lindsten to file an amended complaint.[4]  The circuit court advised Lindsten to include as much detail as he was able, and any and all known claims.

¶7      Subsequently, Lindsten filed the amended complaint, which is at issue in this appeal.[5]  Lindsten raised two causes of action against Astronautics: (1) breach of an oral contract; and (2) reformation.  According to Lindsten, on or prior to the date of the accident, he was informed by Astronautics' travel administrator that Astronautics "would provide full insurance coverage" and "would take care of all his insurance needs on rental cars."  Based on prior travel experience with previous employers, Lindsten assumed this included UIM coverage.  Lindsten further alleged that the travel administrator informed him that he should sign an insurance waiver to specifically opt out of the insurance coverage offered by the rental agency in favor of the coverage provided by Astronautics.

¶8      In regards to Robertson Ryan, Lindsten also raised two causes of action:    (1) breach of contract; and (2) negligence.    Lindsten alleged that Astronautics had specifically requested that Robertson Ryan provide UIM coverage, and that Robertson Ryan had failed to procure a policy that would provide UIM coverage.  Further, Lindsten alleged that if Robertson Ryan had

---

[4]  A transcript of this hearing is not in the record.  Lindsten does not contest Astronautics' description of events on appeal.

[5]  This was the second amended complaint filed in this case.

procured the UIM coverage, Lindsten would have been a third-party beneficiary[6] of any such insurance coverage.

¶9      Both Astronautics and Robertson Ryan filed a motion to dismiss. Astronautics contended that the allegation that Astronautics agreed to take care of all of Lindsten's insurance needs was not specific enough to cover an offer to provide UIM coverage, thus, no contract was created.  Further, Astronautics contended that only written contracts could be reformed.

¶10     Robertson Ryan also contended that the pleadings were insufficient. Robertson Ryan's arguments included that there were insufficient allegations that it had entered into a contract to provide UIM coverage for rental cars and that Lindsten was not the third-party beneficiary of any alleged contract involving Robertson Ryan.

¶11     In response to the motions to dismiss, notably, Lindsten indicated that, while it was not labeled, he was also raising a cause of action against Astronautics for negligent misrepresentation.  In reply, Astronautics argued that negligent misrepresentation is a tort claim barred by the exclusive remedy doctrine, which provides that liability under the Wisconsin Worker's Compensation Act is the exclusive remedy for an employee with qualifying injuries.  *See* WIS. STAT. § 102.03(2) (2019-20).[7]

---

[6] The general rule is that only a party to a contract may recover under it.  ***Schilling v. Employers Mut. Cas. Co.***, 212 Wis. 2d 878, 886, 569 N.W.2d 776 (Ct. App. 1997).  An exception to this rule is if a contract was specifically made for the benefit of a third party.  ***Id.***

[7] All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

¶12    The circuit court granted the motions to dismiss.  The court began by addressing whether a contract existed.  Accepting the facts in Lindsten's amended complaint as true, the circuit court found that the offer made in this case was "not definite enough … not specific enough to establish a contract … for [UIM] coverage."  The court explained that ***Malone v. Fons***, 217 Wis. 2d 746, 580 N.W.2d 697 (Ct. App. 1998), requires a "specific offer" to create an insurance contract, and that it is not enough to simply allege that there was an offer for "insurance," "full coverage," or "insurance needs."  Rather, the pleadings needed to specifically refer to UIM coverage.

¶13    Thus, the circuit court found that the amended complaint was insufficient to establish the existence of a contract, and as a result, there could not be a cause of action for a breach of contract.  The circuit court also dismissed the remaining causes of action because they were tied to the existence of a contract.  It is from this ruling that Lindsten now appeals.

## DISCUSSION

¶14    "A motion to dismiss for failure to state a claim tests the legal sufficiency of the complaint."  ***Data Key Partners v. Permira Advisers LLC***, 2014 WI 86, ¶19, 356 Wis. 2d 665, 849 N.W.2d 693 (citation omitted).  To survive a motion to dismiss, a complaint must contain "[a] short and plain statement of the claim, identifying the transaction or occurrence or series of transactions or occurrences out of which the claim arises and showing that the pleader is entitled to relief."  WIS. STAT. § 802.02(1)(a).  In other words, a complaint must plead facts, which if true, would entitle the plaintiff to relief.  ***Data Key Partners***, 356 Wis. 2d 665, ¶21.

¶15   Whether a complaint states a claim upon which relief may be granted is a question of law that we review *de novo*, benefitting from the circuit court's decision.  *See id.*, ¶17.  We accept as true the factual allegations in the complaint, but we do not accept any legal conclusions.  *Id.*, ¶18.  Factual allegations must be "'more than labels and conclusions, and a formulaic recitation of the elements of a cause of action.'"  *Id.*, ¶37 (citing **Bell Atlantic Corp. v. Twombly**, 550 U.S. 544, 555 (2007)).

¶16   On appeal, Lindsten asserts that the circuit court erred in granting the motions to dismiss.  Lindsten contends that there were sufficient allegations to support a breach of contract claim against both Astronautics and Robertson Ryan.  He also contends that there were sufficient allegations to support a negligent misrepresentation claim against Astronautics.

¶17   Lindsten's claims, however, are inadequately briefed.  His brief-in-chief does not specifically address the circuit court's rationale for granting the motions to dismiss.  Nor does the brief-in-chief address **Malone**, which the circuit court found stood for the proposition that when a contract is for insurance, the specific type of insurance coverage must be identified for a contract to exist.  *See id.*, 217 Wis. 2d at 767-69 (holding that a letter from a landlord to a tenant memorializing an oral lease agreement and noting "$14.29 a month for 'insurance'" was not definite enough to constitute an offer to provide the tenant with liability insurance).  As Astronautics observes, Lindsten's brief-in-chief does not challenge the holding in **Malone**, attempt to distinguish **Malone**, or even cite to **Malone**.  Thus, we conclude that Lindsten's brief-in-chief effectively concedes the validity of the circuit court's ruling that a contract did not exist, and thus, there could not be a cause of action for a breach of contract.  *See **DNR v. Building and***

*All Related or Attached Structures Encroaching on the Lake Noquebay Wildlife Area*, 2011 WI App 119, ¶11, 336 Wis. 2d 642, 803 N.W.2d 86.

¶18    Moreover, in regards to the negligent misrepresentation cause of action against Astronautics, Lindsten's brief-in-chief does not address the exclusive remedy doctrine.    Worker's compensation benefits are primarily governed by WIS. STAT. ch. 102.  *Graef v. Continental Indem. Co.*, 2021 WI 45, ¶11, 397 Wis. 2d 75, 959 N.W.2d 628.  When certain conditions exist, this chapter provides the exclusive remedy for recovery for an employee against an employer. *See id.*, ¶13; WIS. STAT. § 102.03(2).   Lindsten's brief-in-chief fails to address why this doctrine does not apply.   We generally do not address undeveloped arguments, and we decline to do so here.  *State v. Pettit*, 171 Wis. 2d 627, 646-47, 492 N.W.2d 633 (Ct. App. 1992).[8]

¶19    In addition, Lindsten contends that he is entitled to relief under the doctrine of promissory estoppel.   As Astronautics points out, however, and Lindsten does not contest, this claim is being raised for the first time on appeal. We generally do not address issues raised for the first time on appeal.  *See Apex Elecs. Corp. v. Gee*, 217 Wis. 2d 378, 384, 577 N.W.2d 23 (1998).  Accordingly, we also decline to address this argument.

¶20    Therefore, for the reasons stated above, we affirm.

---

[8] We note that Lindsten discusses the exclusive remedy doctrine and *Malone v. Fons*, 217 Wis. 2d 746, 580 N.W.2d 697 (Ct. App. 1998) in his reply brief.  These arguments, however, come too late.  *See A.O. Smith Corp. v. Allstate Ins. Cos.*, 222 Wis. 2d 475, 492, 588 N.W.2d 285 (Ct. App. 1998).  As we have explained, "[i]t is inherently unfair for an appellant to withhold an argument from its main brief and argue it in its reply brief because such conduct would prevent any response from the opposing party."  *Id.*

*By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.